IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

ROBERT COTNER,            )
                          )
         Plaintiff,       )
                          )
                          )            CIV-14-269-HE
v.                        )
                          )
VICKI MILES-LAGRANGE, et al., )
                          )
         Defendants.      )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. With his Complaint, Plaintiff has submitted an Application for Leave to Proceed In Forma Pauperis and motion seeking appointment of counsel. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the motions be denied and the cause of action be dismissed pursuant to 28 U.S.C. § 1915(g).

"Under the Prison Litigation Reform Act, prisoners obtain a 'strike' against them for purposes of future [in forma pauperis] eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to

1

state a claim upon which relief may be granted. . . .'" Hafed v. Fed. Bur. of Prisons, 635 F.3d 1172, 1176 (10th Cir. 2011)(quoting 28 U.S.C. § 1915(g)). Prisoners who have been accorded three or more strikes must "prepay the entire filing fee before federal courts may consider their civil actions and appeals." Id. (internal quotation marks omitted). The only exception to the three-strikes provision is for a prisoner who demonstrates he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has a long history of filing frivolous actions in this and other federal courts. The Tenth Circuit Court of Appeals has, in fact, referred to Plaintiff as "another of the prodigious pro se filers who regularly inundate this and the federal district courts with repetitive and largely frivolous filings." Cotner v. State of Okla. ex rel. County of Creek, 74 F.3d 1248 (Table), 1996 WL 6602, *1 (10th Cir. 1996)(unpublished op.)(citing Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986)).

Plaintiff is subject to filing restrictions in this Court, in the Tenth Circuit Court of Appeals, in the Supreme Court, and even in the Oklahoma Court of Criminal Appeals because of his numerous, frivolous filings. See Cotner v. Boone, 530 U.S. 1271 (2000)(restricting Mr. Cotner from filing further petitions for writ of certiorari in civil matters unless he has paid a docketing fee and submitted the petition in compliance with Supreme Court Rule 33.1); Cotner v. Boone, 48 Fed.Appx. 287, 290 (10th Cir. 2002)(unpublished op.)(establishing filing restrictions in original habeas actions filed in circuit court or appeals from the denial of a habeas petition); Cotner v. Nichols, No. 95-5087, 1995 WL 649734, at *1 n. 3 (10th Cir. 1995)(unpublished op.)(upholding district court's

imposition of filing restrictions and noting Mr. Cotner has filed "at least forty-four actions in the last twenty years" and that the cases "typically involved frivolous motions and ignored procedural requirements"); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986)(affirming imposition of sanctions in civil rights actions); Cotner v. Creek County Dist. Court, 911 P.2d 1215, 1218, 1221 (Okla. Crim. App. 1996). See also Cotner v. Jones, No. 12-6276 (10th Cir. Dec. 10, 2012)(dismissing appeal for failure to pay filing fees in advance as required by 28 U.S.C. § 1915(g) and failure to comply with the filing restrictions set forth in Cotner v. Boone, 48 Fed.Appx. 287 (10th Cir. 2002)(unpublished op.)); Cotner v. State, No. 10-6004 (10th Cir. Mar. 11, 2010)(dismissing appeal for failure to prosecute where Plaintiff failed to comply with the court's 2002 order imposing filing restrictions); Cotner v. Jones, No. 12-781-HE (W.D.Okla. Oct. 23, 2012)(Heaton, D.J.)(dismissing action for failure to prepay full filing fee).

Therefore, because Plaintiff has three or more "strikes" within the meaning of 28 U.S.C. § 1915(g), Plaintiff must make a specific, credible allegation that he is under imminent danger of serious physical harm before he is entitled to proceed in this action without prepayment of the full filing fee. 28 U.S.C. § 1915(g); Hafed, 635 F.3d at 1176.

A careful review of Plaintiff's Complaint shows that Plaintiff has not demonstrated a specific, credible threat of imminent danger of serious physical harm. Accordingly, Plaintiff has not satisfied the imminent-danger exception to § 1915(g), the **Application for Leave to Proceed In Forma Pauperis is denied, the motion seeking appointment of counsel is denied**, and the action should be dismissed unless he pays the full filing fee by

April 29th, 2014. Moreover, because of the scurrilous and false allegations contained in the Complaint[1] against members of the judiciary in this Court and the former Court Clerk of this Court and because Plaintiff continues to repeatedly file frivolous actions that abuse the privilege of filing actions in this Court, it is recommended that the Court consider the imposition of sanctions against the Plaintiff, including dismissal of the cause of action with prejudice and/or monetary sanctions.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED pursuant to 28 U.S.C. § 1915(g) unless Plaintiff prepays the full $400.00 filing fee on or before April 29, 2014. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by          April 29th , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

---

[1] Plaintiff's claims are frivolous under § 1915 as they "lack[ ] an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

4

herein is denied.

ENTERED this   9th   day of    April   , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE